UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**RYAN NEAL FAMBROUGH**                                               **PLAINTIFF**

v.                                                     **CIVIL ACTION NO. 4:06CV-P130-M**

**OFC. VAUGHT** *et al.*                                            **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Ryan Neal Fambrough, a convicted prisoner at the Henderson County Detention Center ("HCDC"), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the instant action will be dismissed.

### I.

Plaintiff brings this civil rights action against the HCDC and its employees, Ofc. Vaught and Deputy Barron, in their official capacities only. Plaintiff first claims that excessive force was used against him on April 21, 2006, when Deputy Barron pepper sprayed him while he was being escorted by five jail deputies. During the escort, Plaintiff's hands were handcuffed behind his back, and he claims that he "was no threat." Plaintiff additionally claims that he has been denied access to the courts because he "requested lawsuit information or adresses on how to start this process, and was denied." As relief, Plaintiff seeks $120,000 in punitive damages and injunctive relief in the form of release from the detention center due to conflicts with staff.

### II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court

determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted, "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

### III.

Plaintiff sues Defendants Vaught and Barron in their official capacities only. If an action is brought against an official of a governmental entity in his "official capacity," the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 68 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Therefore, Plaintiff's claims against Defendants Vaught and Barron are actually brought against Henderson County. Similarly, because the Henderson County Detention Center is not an entity subject to suit, *Matthews*, 35 F.3d at 1049, the claims against the detention center are also against Henderson County as the real party in interest. *Id.* (advising that since the county police

department is not an entity which may be sued, the county is the proper party); *Smallwood v. Jefferson County Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (concluding that a suit against the fiscal court and judge executive is actually a suit against the county itself).

When a § 1983 claim is made against a municipality, the Court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The denial-of-access-to-courts claim fails under the first prong of the municipal liability analysis, while the excessive-force claim fails on the second prong.

### A. Access to courts

To state a claim for a denial of access to the courts, a prisoner will have to demonstrate actual prejudice to pending litigation that challenges his conviction or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 355 (1996). That is, there must be an actual injury, and no actual injury occurs without a showing that such a claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Id.* at 356. In addition, "only prisoners with non-frivolous underlying claims can have standing to litigate an access-to-courts action." *Hadix v. Johnson*, 182 F.3d 400 (6th Cir. 1999) (quoting *Lewis*, 518 U.S. at 353 & n.3 ("Depriving someone of a frivolous claim, . . . deprives him of nothing at all, except perhaps the punishment of Federal Rule of Civil Procedure 11 sanctions.")).

Plaintiff alleges that he was denied access to courts when his request for lawsuit information and addresses was denied. In so alleging, however, he has failed to demonstrate an actual injury as he has wholly failed to allege that any claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented." The mere fact that Plaintiff filed

the instant action demonstrates that he has not been denied access to courts. The denial-of-access-to-courts claim must therefore be dismissed.

### B. Excessive force

"[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-480 (1986)) (emphasis in original). A plaintiff seeking to hold a municipality liable under § 1983 must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997). "Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Id.* at 403-04. "Similarly, an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Id.* at 404.

"Beyond having to identify 'conduct properly attributable to the municipality itself,'" *Cherrington v. Skeeter*, 344 F.3d 631, 645 (6th Cir. 2003) (quoting *Bd. of County Comm'rs of Bryan County*, 520 U.S. at 404), a plaintiff "must also demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged." *Id.* (internal quotation marks omitted). "That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the

4

municipal action and the deprivation of federal rights." *Id.* (internal quotation marks omitted). Simply stated, "a plaintiff must 'identify the policy, connect the policy to the [county] itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)).

In the instant case, Plaintiff has failed to allege the existence of a governmental policy or custom relative to the nature of his complaint and claim of excessive force. He describes only an isolated incident of alleged excessive force occurring in April 2006. Nothing in the complaint demonstrates that Plaintiff's injuries occurred as a result of a policy or custom executed or endorsed by Henderson County. And "a municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994).

For the foregoing reasons, the complaint fails to establish a basis of liability against the municipality and therefore fails to state a cognizable § 1983 claim. The Court will enter an Order consistent with this Memorandum Opinion.

Date:


cc:   Plaintiff, *pro se*
      Defendants
      Henderson County Attorney
4414.005